UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD HUGGINS,

v.   Case No. 8:04-cr-553-T-17TBM
     8:09-cv-1883-T-17TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Huggins' untimely 28 U.S.C. § 2255 motion to alter, amend, or correct an allegedly illegal sentence (See cv-1; cr-118). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through

the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. Since Huggins did not file a petition for writ of certiorari, the judgment became "final" on February 26, 2007, when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment by the Eleventh Circuit on November 28, 2006.(See Doc. cr- 83). Therefore, Huggins had until February 26, 2008, to file a timely section 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255 until expiration of 90-day period for seeking certiorari), *cert. denied*, 123 S.Ct. 287 (2002). Huggins did not sign the present motion to vacate until September 10, 2009. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Huggins has not presented any exceptional circumstances for tolling the one-year limitations period. Huggins' claim under *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008) has no merit. *See United States v. Segarra,* — F.3d. —, 2009 WL 2932242 (11th Cir. Sep. 15, 2009).

Accordingly, the court orders:

That Huggins' motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-118) is denied, with prejudice. The Clerk is directed to enter judgment against Huggins and to close this case.

**CERTIFICATE OF APPEALABILITY AND**

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 18, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: W. Stephen Muldrow
Richard Huggins